UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ODELL A. PICKETT, JR.,** | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:19CV2344 HEA |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. [Doc. No. 1]. The Respondent has filed a response to the Motion pursuant to the Court's show cause order. For the reasons discussed below, Movant's 28 U.S.C. § 2255 motion is denied.

### Background

On March 22, 2017, a federal grand jury charged Movant in an indictment with carjacking, in violation of 18 U.S.C. §§ 2119 and 2 ("Count One"); possessing a firearm in furtherance of the crime of violence charged in Count One, in violation of 18 U.S.C. § 924(c) ("Count Two"); carjacking, in violation of 18 U.S.C. §§ 2119 and 2 ("Count Three"); possessing a firearm in furtherance of the crime of violence charged in Count Three, in violation of 18 U.S.C. § 924(c)

("Count Four"); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) ("Count Five"); and possessing a firearm in furtherance of the drug trafficking crime charged in Count Five, in violation of 18 U.S.C. § 924(c) ("Count Six").

On March 27, 2017, the Court appointed the Office of the Federal Public Defender for the Eastern District of Missouri to represent Movant. On April 3, 2017, Assistant Federal Public Defender (AFPD) Felicia A. Jones entered her appearance on behalf of Movant and replaced all other counsel who had previously appeared on behalf of Movant.

On January 2, 2018, Movant filed a waiver of pretrial motions with the Court. On January 5, 2018, Movant and counsel appeared before Judge Nannette A. Baker for a hearing on Movant's waiver of pretrial motions. Judge Baker advised Movant of his right to file pretrial motions and to have an evidentiary hearing. Judge Baker determined that Movant knowingly and voluntarily waived his right to file pretrial motions and have an evidentiary hearing.

Movant plead guilty to Counts One, Two, Three, and Five of the Indictment, pursuant to a written guilty plea agreement. Movant agreed to plead guilty to counts One, Two, Three, and Five in exchange for the government's agreement to dismiss Counts Four and Six.

2

Movant appeared before the Court for sentencing on July 24, 2018. Neither party objected to the Pre-Sentence Investigation Report, ("PSR") and the Court accepted the PSR in its entirety. Consistent with the parties' Agreement and recommendation, the Court then sentenced Movant to a term of imprisonment for 204 months, with concurrent terms of imprisonment of 120 months to be imposed on Counts One, Three and Five, and a consecutive term of imprisonment of 84 months to be imposed on Count Two. The Court ordered the sentence to run consecutively to the sentences to be imposed in the Circuit Court of the City of St. Louis, Missouri in Case Nos. 1522-CR03099-01, 1622-CR01006-01, and 1622-CR03539-01. The sentence to be imposed in Case No. 16SL-CR07045 in the Circuit Court of St. Louis County, Missouri was to run consecutive to the sentence to be imposed in Count Two, but concurrently to the sentences imposed in Counts One, Three and Five. Movant also was placed on supervised release for three years and ordered to pay restitution in the amount of $4,400, and a Special Assessment of $400.

Movant did not appeal his conviction or sentence. On August 12, 2019, Movant filed the instant motion for post-conviction relief.

The gist of Movant's arguments within his motion to vacate appears to be that his attorney was ineffective.

## Discussion

### STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

3

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

## Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905

4

F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Standard for Ineffective Assistance of Counsel

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id.*

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love*, 949 F.3d at 410 (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

"Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States of Am.*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective

5

assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment". *Id.* Review of counsel's performance by the court is highly deferential, "and the Court presumes counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* The court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at

6

694). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury". *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Movant contends that the Guidelines enhancements for carjacking and brandishing a firearm constitute double counting, that carjacking is not a valid predicate offense under § 924(c) and that Counts One and Three Are defective because they are missing an element of a weapon and have no federal venue. All of Movant's claims are procedurally defaulted because these were not raised on direct appeal. As a general rule, claims that were not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003); see *Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at

trial); *Murray v. Carrier*, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted).

Indeed, Movant specifically waived his right to appeal his conviction in the Plea Agreement, which, as the record establishes was entered knowingly, voluntarily, and of Movant's free will because that is what he attested he wanted to do.

Likewise, Movant cannot now claim counsel was ineffective because he further attested that counsel had performed to his complete satisfaction and had done all he had requested of her.

In the Guilty Plea Agreement, Movant waived all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. It is well established a defendant may waive his Section 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." See *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003). Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. *Andis*, 33 F.3d at 891 (citing *DeRoo*, 223 F.3d at 923-24). The Eighth Circuit has

8

cautioned, however, that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." *Id.*

Here, Movant entered into the Guilty Plea Agreement knowingly and voluntarily, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding. Movant has not established that enforcement of the waiver would result in a "miscarriage of justice." Further, Movant does not allege that he is actually innocent of the offense to which he pled guilty.

Specifically, Movant agreed in the Guilty Plea Agreement that he admitted to "knowingly violating the charged offenses and admits there is a factual basis for the plea. During the change of plea hearing, Movant confirmed he had read the Plea Agreement and understood it and admitted he was guilty of each of the elements of the crime to which he was pleading

**Ground One: Counsel was ineffective for not objecting to the two level enhancement under 283.1(b)(5) as double counting.**

This argument has been rejected by the Eighth Circuit Court of Appeals in its recent opinion, *United States v. Wright*, 993 F.3d 1054 8th Cir. 2021)

> Section 2B3.1 is the relevant sentencing guideline for a carjacking conviction under 18 U.S.C. § 2119(1). It covers sentencing guidelines for robbery, applying a base offense level of 20 for that crime. Under § 2B3.1(b)(5), the statute prescribes a two-level increase "[i]f the offense involved carjacking." Because § 2B3.1 and the corresponding base level of 20 apply to the crime of robbery generally—not carjacking—that section does not fully account for Wright's conduct. Carjacking is a specific type of robbery for which the Guidelines add two levels, resulting in an offense level of 22.

The Eleventh Circuit addressed this issue in *United States v. Naves*, concluding that adding two levels under § 2B3.1(b)(5) did not constitute impermissible double counting. 252 F.3d 1166, 1169 (11th Cir. 2001). The court explained:

> Clearly the Sentencing Commission could have added to the Manual a separate section for carjacking with a base offense level of 22. It elected not to do so. Instead the Commission utilized the robbery section, § 2B3.1, which established a base offense level of 20 for the culpability incident to an offense involving robbery in general. The Commission then provided a two level increase to reflect the heightened seriousness of a robbery involving the violation of § 2119, the carjacking statute. In doing so, the Sentencing Commission acted within its statutory authority.

*Id.* The Fourth Circuit came to the same conclusion in *United States v. Cunningham*, 221 F. App'x 258 (4th Cir. 2007) (per curiam). We are persuaded by the reasoning of our sister circuits. Accordingly, we conclude that the district court did not err in applying the carjacking offense characteristic when it calculated [Movant's] sentence.

*United States v. Wright*, 993 F.3d 1054, 1068 (8th Cir.), *cert. denied*, 211 L. Ed. 2d 118, 142 S. Ct. 259 (2021).

**Ground Two: Counsel was ineffective for not objecting to the five-level enhancement for brandishing a firearm under § 2B3.1(b)(2)(C) as double counting.**

Movant's claim that the five-level enhancement under § 2B3.1(b)(2)(C) and being charged under 18 U.S.C. § 924(c) constitutes double counting is without merit. The five-level enhancement was only applied to the carjacking contained in Count Three. Movant did not plead guilty to a § 924(c) violation in connection with this specific carjacking. He was charged in Count Four with the § 924(c) violation as to a different robbery. Thus, there was no double counting for a

10

robbery and § 924(c) violation based on the same conduct. "If a sentence under this guideline[, which applies to § 924(c),] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense."); *United States v. Carbajal*, 854 F. App'x 821, 822 (9th Cir. 2021).

**Grounds Three and Four**

Movant concedes Grounds Three and Four are not meritorious. They will be denied.

## Conclusion

Based upon the foregoing analysis, none of Movant's claims entitle him to relief. The motion will be denied in its entirety.

**Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of September 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE